892 P.2d 862

**In the Matter of a Disbarred Member of the State Bar of Arizona, Stephen E. SECRIST, Attorney No. 012878, Respondent.**

**No. SB–95–0008–D.**
**Comm. No. 93–0207.**

Supreme Court of Arizona.

March 23, 1995.

Margaret H. Downie, Chief Bar Counsel, State Bar of Ariz.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that **STEPHEN E. SECRIST**, a disbarred member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of one year for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that **STEPHEN E. SECRIST** shall pay restitution in the amount of $2,500.00 to Sandy Murray.

IT IS FURTHER ORDERED that Respondent shall comply with all applicable provisions of Rule 63, Rules of the Supreme Court of Arizona, and shall promptly inform this Court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **STEPHEN E. SECRIST** shall pay the costs of these proceedings in the amount of $329.00, together with interest at the legal rate from the date of this judgment.

## EXHIBIT A

In the Matter of a
Disbarred Member of the
State Bar of Arizona,
Stephen E. Secrist,
Attorney No. 012878
Respondent.

Before the Disciplinary Commission
of the
Supreme Court of Arizona

Comm. No. 93–0207.

*DISCIPLINARY COMMISSION REPORT*

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on October 15, 1994, for review of the record on appeal, pursuant to Rule 53(d), Ariz. R.S.Ct. The Commission considered the Hearing Committee's recommendation of suspension and restitution. No objections to the Hearing Committee's recommendation were filed.

### Decision

By a unanimous vote of the eight members considering the matter,[1] the Commission adopts the recommendation of the Hearing Committee that the respondent, Stephen Eugene Secrist ("Secrist"), be suspended for a period of one year and make restitution to his client in the amount of $2,500, which represents his unearned fee. The Commission also unanimously adopts the Hearing Committee's findings of fact and conclusions of law.

### Facts

Secrist was paid $2,000 by a client in August 1989 to represent him in a Chapter 11 bankruptcy. The client paid Secrist an additional $500 in August 1990.

Secrist failed to competently or diligently handle the bankruptcy, did not keep his client adequately informed about the status of his case, and failed to respond to his reasonable requests for information. In fact, during the course of his representation, Secrist quit practicing law in Arizona. However, Secrist never told his client of that fact and did not make arrangements for the handling of his file.

Secrist informed his client that he would file a motion to dismiss his Chapter 11 action as well as a motion to convert it to a Chapter 7 proceeding. He failed to do so. Secrist failed to file other necessary documents in connection with the bankruptcy, and failed to appear for a bankruptcy court hearing in December 1990; the client appeared on his own. Secrist also told the client that he had prepared documents concerning the bankruptcy proceedings and had submitted them to counsel for the Internal Revenue Service, when, in fact, he had not done so.

Because Secrist did not perform the work for which he was retained and paid $2,500,

---

1. Commissioner Dodge did not participate in these proceedings.

the client was required to retain and pay substitute counsel to handle the bankruptcy.

Finally, Secrist did not cooperate with the State Bar's investigation into this matter.

The complaint charged Secrist with violating ER 1.3, ER 1.4, ER 1.5, ER 1.16, ER 8.1, ER 8.4, and Supreme Court Rule 51(h) and (i).

### Procedural History

Secrist has not participated in the disciplinary process. As Secrist resides outside of Arizona, the complaint and all subsequent relevant pleadings were served upon the Disciplinary Clerk.[2] Because Secrist failed to respond to the complaint, it was deemed admitted.[3] Secrist was notified of his right to be heard in mitigation and failed to respond. Secrist was notified of the opportunity to object to the Hearing Committee's report and to file a statement on review before the Commission. Secrist did not object to the Hearing Committee's report, did not file a statement on review, and did not request oral argument before the Commission.

### Discussion of Decision

The Commission agrees with the Committee's finding that Secrist violated all of the ethical rules charged in the complaint.[4]

The American Bar Association's *Standards for Imposing Lawyer Sanctions* are used by the Court in considering the appropriate sanction for a violation of the Rules of Professional Conduct. *In re Ockrassa*, 165 Ariz. 576, 799 P.2d 1350 (1990). The Commission also considered the Standards in determining that suspension is warranted.

Much of Secrist's conduct can be characterized as a lack of diligence, which is addressed by Standard 4.4. Standard 4.42 pro-

vides for suspension when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client. Although he accepted $2,500 in fees, Secrist failed to carry out the work for which he was hired. He failed to respond to his client's requests for information and failed to keep him informed of the status of his case. He told his client that he had accomplished things that he had not done. The client was forced to retain and pay other counsel to handle the matter. The client was injured by Secrist's lack of diligence.

Standard 7.0 addresses violations of duties owed as a professional. Secrist violated those duties when he abandoned his client without warning, accepted a fee without performing any work, and failed to cooperate with the State Bar's investigation into this matter. Standard 7.2 provides for suspension when a lawyer knowingly engages in conduct that is a violation of a duty as a professional, and causes injury or potential injury to a client, the public, or the legal system.

Secrist was disbarred by order of the Supreme Court dated September 23, 1994, in SB–94–0062–D. The Hearing Committee's recommendation that Secrist be suspended for one year was made prior to his disbarment. In recommending suspension, the Committee found that a suspension of one year was appropriate as it would require Secrist to formally apply for reinstatement and show evidence of rehabilitation. Although Secrist's disbarment may have rendered the point moot for all practical purposes, the Commission believes the imposition of a one-year suspension and restitution is still appropriate. While it may appear unusual to suspend a lawyer who is already disbarred, the Commission believes it would be inappropriate in this matter to decline to impose a sanction for misconduct that oc-

---

**2.** Rule 55(b)(6) provides that the Disciplinary Clerk be the designated agent for service of all filings as to a respondent who has been absent from the state of Arizona for a continuous period of more than thirty days.

**3.** Rule 53(c)(1) provides that a respondent shall file an answer to the complaint within twenty days after service, or longer if extended by the committee. If a respondent does not respond

within the prescribed time, the complaint shall be deemed admitted.

**4.** Although the Committee did not include Supreme Court Rule 51(h) and (*l*) in its list of ethical violations, based on the text of the Committee's report, the Commission finds that this omission was inadvertent, and that all of the violations charged in the complaint were found.

curred, simply because the respondent is currently disbarred for previous misconduct. The Standards have indicated that suspension is the proper result, and the Commission believes it is appropriate for Secrist's record to correctly reflect that his misconduct warranted a suspension in addition to a disbarment. Therefore, the Commission agrees with the Committee's recommendation, and recommends that Secrist be suspended for a period of one year, and that he make restitution to his client in the amount of $2,500.

RESPECTFULLY SUBMITTED this 7th day of December, 1994.

/s/ Mark D. Rubin
Mark D. Rubin, Chair
Disciplinary Commission